

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

X

SAMUEL J. COMPO,

Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, and
CONSOLIDATED RAIL CORPORATION

Defendants

X

CIVIL ACTION

NO. 3:02CV1675 (PCD)

MARCH 2, 2004

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO QUASH CONRAIL'S SUBPOENA AND HIS MOTION FOR A PROTECTIVE ORDER**

A deposition of Mr. Compo's wife, Colleen Compo, should be prevented because any testimony is protected by the marital communication privilege, the marital facts privilege and because the deposition is an attempt to annoy, embarrass and harass the plaintiff and his wife. Furthermore, this avenue of discovery is duplicative of prior discovery in this case and is not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the Court should quash Conrail's February 12, 2004 dated subpoena and issue a protective order preventing Mrs. Compo's deposition.

**ORAL ARGUMENT REQUESTED.**
**TESTIMONY NOT REQUIRED.**

## I. FACTS

On May 12, 2003, the defendants deposed Mr. Compo for approximately four hours. On or about February 19, 2004, defendant Conrail served Mrs. Compo with a subpoena compelling her testimony in this case on March 18, 2004. App. 1. Mr. Compo and Mrs. Compo are married and have been married since December 31, 1990. App. 2 (Sam Compo's Affidavit). This case does not involve a loss of consortium claim. Moreover, Mrs. Compo was not listed as a witness by either party and the plaintiff has no intention to call her as a witness at trial and will not call her as a witness. Undersigned counsel conferred with defense counsel in good faith and they could not resolve this matter. App. 3.

## II. DISCUSSION

### a. Federal Marital Communications Privilege

The Court should quash the subpoena and preclude Mrs. Compo's deposition because the information sought will violate the federal marital communications privilege (FMCP). The FMCP extends to all words or acts intended as a communication to the other spouse if made in confidence during a valid marriage. U.S. v. Marashi, 913 F.2d 724, 730 (9th Cir. 1990). The non-testifying spouse has standing to raise the FMCP. Id. at 729; U.S. v. 281 Syosset Woodbury Rd., 862 F. Supp. 847, 854 (E.D.N.Y. 1994); aff'd, 71 F.3d 1067 (2nd Cir. 1995). The FMCP can be raised in criminal and civil proceedings. See Syosset, 862 F.Supp. at 854.

Accordingly, the Court should quash the subpoena and prevent the deposition because the expected line of questioning will violate the FMCP. See also Fed R. Civ. P. 45(c)(3)(A)(iii), 30(d)(4), 26(b)(2)(i) and (iii) and 26(c).

**b. Connecticut Anti-Marital Facts Privilege**

In Connecticut, a non-party spouse in a civil action cannot be forced to give testimony against his or her party-spouse. Spitz's Appeal, 56 Conn. 184, 186, 14 A. 776 (1888); Chandler v. Cardiothoracic and Vascular Group, P.C., Superior Court of Connecticut, Judicial District of Waterbury at Waterbury, X02CV94014718, Nov. 18, 1998 (Sheldon, J.)(a copy is attached hereto at App. 4); Degruttola v. Barry Britt, Superior Court of Connecticut, Judicial District of Hartford-New Britain, at Hartford, No. FA 95 0551058, January 2, 1996 (Barall, J.)(copy attached hereto at App. 4). The party-spouse has standing to seek and obtain a protective order. Chandler, supra. In Chandler, a party sought to depose the wife of another party. The husband-party moved for a protective order preventing the deposition and the Court granted the order. Judge Sheldon held in Connecticut a party spouse has standing to seek a protective order preventing the deposition of a non-party spouse, and the common-law privilege against spousal testimony requires granting a motion for protective order. Id. Judge Sheldon relied, in part, on State v. Saia, 172 Conn. 37, 42-44, 372 A.2d 144 (1976). In Saia, the Connecticut Supreme court stated "[a]t early common-law the husband or wife of a party was disqualified as a witness and prevented from testifying either for or against the party in any case, either civil or criminal." A rational behind the common-law

privilege against adverse spousal testimony is to prevent marital discord. Spitz's Appeal, 56 Conn. 184, 186, 14 A. 776 (1888).

If Mrs. Compo is deposed, Mr. Compo's anti-marital facts privilege will be irreparably violated and their marital relations could be strained. Accordingly, the Court should grant Mr. Compo's Motion To Quash and enter a protective order barring Mrs. Compo's deposition. See Fed. R. Civ. P. 45(c)(3)(A)(iii), 30(d)(4), 26(b)(2)(i) and 26(c).

**c. Annoyance and Harassment**

Conrail's apparent motive is to annoy and harass the plaintiff and his wife. Conrail has not made any proffer of how any testimony from Mrs. Compo is reasonably calculated to lead the discovery of admissible evidence. Accordingly, the Court should prevent the deposition because the only discernable motive is to annoy and harass the plaintiff and his wife. See Fed R. Civ. P. 45(c)(iv), 30(d)(4), 26(b)(2)(i) and 26(c). Even if the defendants present an arguable basis for the deposition, it should not proceed for the additional reasons set forth herein and because the burden and expense outweighs the likely benefit taking into account the parties' resources and the amount in controversy. See Fed. R. Civ. P. 26(b)(2)(iii).

**d. Cumulative and Duplicative**

Any information sought from Mrs. Compo would be cumulative and duplicative of information already gathered from Mr. Compo. See Fed R. Civ. P. 26(b)(2)(i) and 26(c). Accordingly, the Court should quash the subpoena and prevent a deposition of Mrs. Compo on this basis as well.

## III. CONCLUSION

For the foregoing reasons, the Court should Quash Conrail's subpoena and enter a protective order preventing the deposition of Mrs. Compo.

Respectfully submitted,

FOR THE PLAINTIFF,

BY_______________________
Scott E. Perry (ct17236)
CAHILL & GOETSCH, P.C.
43 Trumbull Street
New Haven, Connecticut 06511
(203) 777-1000

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was mailed, first class mail, postage prepaid, on this 2nd day of March, 2004 to Lori A. McCarthy, Esq., Flynn & Associates, P.C., 189 State Street, 6th Floor, Boston, Massachusetts 02109; and to Anthony D. Sutton, Esq., Ryan, Ryan, Johnson & Deluca, LLP, 80 Fourth Street, P.O. Box 3057, Stamford, Connecticut 06905.

_______________________
Scott E. Perry

# APPENDIX 1

OAO88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

Samuel J. Compo
V.
Metro North Railroad Company, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 3:02 CV 1675 (PCD)

TO: **Colleen Compo**
**99 Indian Drive**
**Bridgeport, CT 06606**

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

X YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Ruane, Attorneys at Law, 10 Middle Street, 11th Floor, Bridgeport, CT 06604** | **3/18/04 10:00 a.m.** |

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| **Ruane, Attorneys at Law, 10 Middle Street, 11th Floor, Bridgeport, CT 06604** | **3/18/04 10:00 a.m.** |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER=S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for defendants Consolidated Rail Corp. And American Financial Group, Inc. | 2/12/04 |

ISSUING OFFICER=S NAME, ADDRESS AND PHONE NUMBER
John E. Young, Esq., Flynn & Associates, P.C.
189 State Street, 6th Floor
Boston, MA 02109 (617) 722-8253

**A TRUE COPY ATTEST**

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

Thomas W. Fraher
**THOMAS W. FRAHER**
**STATE MARSHAL**
**FAIRFIELD COUNTY**

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

DATE PLACE

SERVED

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

______________________
SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

______________________

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAMUEL J. COMPO<br><br>Plaintiff,<br>v.<br><br>METRO-NORTH RAILROAD COMPANY and CONSOLIDATED RAIL CORPORATION<br><br>Defendants. | CIVIL ACTION<br>NO.: 3:02 CV 1675 (PCD)<br><br>February 12, 2004 |

**NOTICE OF DEPOSITION**

**PLEASE TAKE NOTICE** that on March 18, 2004 at 10:00 a.m. at Ruane, Attorneys at Law, 10 Middle Street, 11th Floor, Bridgeport, CT 06604, the defendant, Consolidated Rail Corporation, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, will take the deposition of Colleen Compo, 99 Indian Avenue, Bridgeport, CT before some officer authorized by law to administer an oath.

You are invited to attend and cross-examine.