# FLYNN & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

189 STATE STREET
SIXTH FLOOR
BOSTON, MASSACHUSETTS 02109
TELEPHONE (617) 722-8253
FACSIMILE (617) 722-8254
E-MAIL: *flynnlaw@flynnassoc.com*

MICHAEL B. FLYNN*
RICHARD A. DAVIDSON, JR.
LORI A. MCCARTHY+
JOHN E. YOUNG, IV
BETHANY M. MACHACEK
  *also admitted in NY
  +also admitted in CT

OF COUNSEL:
DURKIN, MCDONNELL, CLIFTON,
& O'DONNELL

DETROIT OFFICE:
PENOBSCOT BUILDING
645 GRISWOLD STREET
SUITE 3253
DETROIT, MICHIGAN 48226
TELEPHONE (313) 963-3033
FACSIMILE (313) 963-3011

February 26, 2004

*Via Facsimile Transmission*
Scott E. Perry, Esq.
Cahill & Goetsch, P.C.
43 Trumbull Street
New Haven, CT 06511

RE:   *Plaintiffs' Notice of 30(b)(6) Deposition(s) to Defendant "Penn Central"*
      *Plaintiffs' Notice of 30(b)(6) Deposition(s) to Defendant Consolidated Rail Corporation*

Dear Scott:

As we previously discussed, pursuant to Fed.R.Civ.P. 30(b)(6), I am writing in order to address the plaintiffs' notices of depositions of the defendants, Conrail and Penn Central.

First, as stated, Penn Central is no longer in existence, and, as such, there is no one that can be designated as a 30(b)(6) witness in order to testify. However, in the spirit of cooperation, the defendants are attempting to prepare written responses to the items which you listed in the February 4, 2004 *Re-Notice of Deposition*, and they will be forwarded to your attention accordingly.

Second, in relation to the plaintiffs' notice of Conrail's 30(b)(6) deposition, once again, as Conrail is no longer in existence, and there are no current Conrail employees, no such witness can be compelled to testify on Conrail's behalf. Notwithstanding this fact, William Barringer, Conrail's safety supervisor from 1979 to 1983 has agreed to testify on Conrail's behalf.

As stated, Mr. Barringer's tenure as safety supervisor was from 1979 to 1983, and therefore, the majority of his knowledge lies within these dates. Mr. Barringer additionally possesses knowledge and information concerning Conrail from 1976 to 1979, and as none of the plaintiffs worked for Conrail prior to 1976 or subsequent to January, 1984, this should certainly suffice.

Moreover, it is Conrail's position that any of the items which request testimony concerning Conrail's post-January, 1984 is irrelevant to the instant matters, as, once again, no
Scott E. Perry, Esq.

February 26, 2004
Page 2

plaintiff worked for Conrail beyond January, 1984. Accordingly, Mr. Barringer's testimony will be limited to the time periods which the plaintiffs worked for Conrail, namely 1976 to January, 1984. Further, I am in receipt of your correspondence dated February 26, 2004 concerning this issue, wherein you agree to limit Item Nos. 6, 7, 8, 9, 27 and 32 to 1976 to 1984, which is appreciated, although not sufficient. As it is Conrail's position that any testimony must be limited to 1976 to January, 1984, Conrail objects to Item Nos. 19, 20, and 21 in their entirety.

Finally, in relation to Item No. 23, Conrail may not have maintained records, nor was it required to maintain records, concerning the first one hundred individuals who brought hearing loss claims against Conrail. Conrail is currently reviewing its documentation in order to determine whether any such information exists, and I will let you know if any such information has been maintained.

In the event that you have any objection to the issues discussed herein, please notify me immediately, so that we may discuss the same. Hopefully we will be able to resolve these issues without necessitating a motion for protective order, but in the event that we are unable to reach an agreement, please be advised that I intend to file such a motion as soon as possible.

Thank you for your attention to this matter.

Sincerely,

Lori A. McCarthy

Encl.
Cc:    Michael B. Flynn, Esq.
       Anthony D. Sutton, Esq.
       William B. Hicks, Esq.

G:\F & A\CASE FILES\CSX OCCUPATIONAL\HEARING LOSS\General Hearing Loss\Correspondence\Atty\Perry re.notices of deposition.2.26.04.doc